Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. Hartford Insurance Company was the carrier on the risk at all times relevant herein.
4. The parties stipulated that plaintiffs average weekly wage was $653.85, yielding a compensation rate of $435.92.
5. The parties stipulated to plaintiffs medical records from Lee-Harnett Area Mental Health, Benson Chiropractic Center, Good Hope Hospital, North Carolina Spine Center, Claire V. Cooper, M.D., Margaret J. Dorfman, M.D., John R. Mann, M.D.
6. The parties stipulated to the recorded statement of Pat Noble taken on 4 March 1998.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 38 year old high school graduate. Plaintiff had worked in the banking industry since 1986.
2. On or about 1 July 1997, Branch Banking and Trust (BBT) and United Carolina Bank (UCB) merged. Although owned by BBT after 1 July 1997, the UCB offices, where plaintiff worked, did not become a BBT branch and change over to the BBT computer system until September 1997.
3. On 24 September 1997, shortly after the change over to BBT, plaintiff experienced an anxiety attack while at work which she alleges was either an accident causing her a disabling psychological injury, or, in the alternative, a compensable occupational disease.
4. Plaintiffs last day of work with defendant-employer was on or about 24 September 1997, and she has not returned to employment since that time.
5. Plaintiff has suffered from depression and anxiety attacks since at least 1992, for which she has sought treatment from Dr. Margaret Dorfman, a psychiatrist. Plaintiff has an extensive pre-existing history of many stressors and mental complaints unrelated to her employment, including verbal abuse by her father, responsibility as a primary care giver for her adopted sister, who suffered from a debilitating and eventually fatal disease, responsibility as the primary care giver for both of her parents, who have both suffered serious health problems in the past five years, and extensive marital problems.
6. At the hearing before the Deputy Commissioner, plaintiff testified that at the time of the aforementioned merger, she had lost two of her co- employees at the same time, that she had not received any additional personnel, that she was the only office person at her branch other than tellers, that she was being pressured to process many loans, that she had to work the week-end before the merger, and that she had to learn a new computer system.
7. However, at the hearing before the Deputy Commissioner, Betty Bass, Maria Hair and Pat Nobles, all employees of defendant-employer on or about 24 September 1997, testified that their two co-workers left their positions over seven months apart and new employees were hired to take their places. Defendant-employers witnesses also testified that plaintiff received additional help when requested from a nearby BBT branch and that the merger went smoothly with employees from nearby branches helping with the move. Ms. Hair further testified that she did not believe the computer training to be stressful or that the merger was unusually stressful.
8. At the hearing, the Deputy Commissioner weighed the testimony of both parties and gave more weight to the testimony of defendant-employer and its witnesses. The Full Commission after reviewing the record, affirms the credibility findings of the Deputy Commissioner.
9. The lay testimony further establishes that the merger of these two banks, which occurred from July-September 1997, was not a interruption of plaintiffs work routine or an unusual circumstance, but a well-planned merger of two large scale banks.
10. Drs. Margaret Dorfman and Robert Condor opined that plaintiff suffered from dysthemia or depression and testified that plaintiffs employment exposed her to an increased risk of contracting depression than the public in general, and that plaintiffs position placed her at an increased risk for having her pre-existing depression aggravated. Drs. Dorfman and Condor also felt that plaintiffs job was a significant causal factor in the aggravation of her depression. However, both Drs. Dorfman and Condor based their opinions on plaintiffs recollection of events. The Full Commission finds that plaintiffs perceptions caused her to exaggerate her working conditions, which contained no more stressors than most other management positions. Accordingly, the opinions of Drs. Dorfman and Condor regarding the issue of increased risk are given little weight.
11. Dr. David Marcotte, a psychiatrist, opined that plaintiffs condition was an obsessive-compulsive disorder. Dr. Marcotte believed that plaintiffs set expectations for herself were beyond the expectations of those held by her employer, that she did not realize that there was a difference and thus, felt that she was not able to fulfill her employers expectations. Dr. Marcotte stated that plaintiff minimized the many other stressors in her life, including marital, family and financial stressors, and instead focused on other, lesser stressors that she could conceivably control, such as her employment. Dr. Marcotte opined that he felt that plaintiff would be "set up to fail at almost any profession or any obligation she undertook due to the unreasonably high expectations she set for herself, a symptom of her obsessive-compulsive disorder. Dr. Marcotte opined that plaintiffs work environment and the ability to leave it was her outlet for all of her stressors that she could not get rid of in any other way. Plaintiff set expectations which were not realistic, which no one else at her employment expected of her and when she could not meet these, she could end the problem by ending her employment, effectively cutting off the stressors in that part of her life to compensate for having no control over the many other stressors that she admittedly regularly encountered and had been dealing with since she was a child. Dr. Marcotte further opined that plaintiff would suffer from her present condition whether she was employed by this employer, another employer, or no employer at all. Dr. Marcotte based his opinions on plaintiffs family history, plaintiffs minimization of serious stressors, plaintiffs statements to him concerning unwise spending sprees, plaintiffs medical history, plaintiffs distractibility, plaintiffs history of medication, and his examination of plaintiff.
12. Dr. Marcotte opined that the merger and surrounding circumstances did not cause and/or were not an aggravating factor of plaintiffs depression. Dr. Marcotte further opined that plaintiffs anxiety attack was not the result of an interruption of her work routine or an unusual circumstance of her employment. Dr. Marcottes opinion and diagnosis of plaintiff is based on the objective reality of plaintiffs employment situation, while Dr. Dorfman and Dr. Condors opinions are based on plaintiffs subjective perception of her employment.
13. There is conflicting medical evidence in this case regarding plaintiffs condition and medical causation. Since there are conflicting opinions in this case, the Full Commission, after reviewing the evidence as a whole, gives more weight to the testimony of Dr. Marcotte, who found no causal connection between plaintiffs condition and her employment and who based his opinions on the objective reality of plaintiffs employment situation and not on plaintiffs subjective recollection or perception of her employment and other events. Consequently, plaintiff does not suffer from a compensable occupational disease.
14. Plaintiff has failed to prove by the greater weight of the evidence that her alleged depression was caused or aggravated by her employment with defendant-employer. Plaintiff has failed to prove by the greater weight of the evidence that her duties with defendant-employer placed her at increased risk of developing a psychological condition in comparison to members of the general public.
15. Plaintiff did not suffer a mental injury arising out of and in the course of her employment with defendant-employer. The merger between UCB and BBT in September of 1997 was not an interruption of her work routine or an unusual circumstance. The greater weight of the evidence tends to show that the stress suffered by plaintiff while working for defendant-employer arose due to plaintiffs subjective reality, and not from any actual objective stress inherent in her work duties themselves.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. 97-53(13), an occupational disease must be proven to be due to caused and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment. Therefore, in order to meet her burden, plaintiff must establish that the alleged disease is 1) characteristic of persons engaged in a particular trade or occupation in which plaintiff is engaged; 2) not an ordinary disease of life to which the public is generally equally exposed with those engaged in that particular trade of occupation; and 3) there must be a causal connection between the disease and the employees employment. Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In this case, plaintiff failed to establish the above requirements.
2. Plaintiff did not contract an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer in which excluded ordinary diseases of life to which the general public is equally exposed. N.C. Gen. Stat. 97-53(13); Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983).
3. Plaintiff did not suffer a mental injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
4. Plaintiff is not entitled to benefits under the North Carolina Workers Compensation Act for her psychological condition. N.C. Gen. Stat. 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is and under the law must be DENIED.
2. Each side shall pay its own costs, except that defendants shall pay an expert witness fee to Dr. Marcotte in the amount of $360.00.
 ***********
This the ___ day of June, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/__________________ CHRISTOPHER L. SCOTT COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER